IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.: 16-001348-CI

ELENA EMEGBAGHA,

        Plaintiff,

vs.

BAYCARE HEALTH SYSTEM, INC. agent for
BAYCARE HOMECARE, INC.

        Defendant(s).

_____/

## COMPLAINT

Plaintiff, ELENA EMEGBAGHA, by and through her undersigned attorneys, hereby sues the Defendant, BAYCARE HEALTH SYSTEM, INC., agent for BAYCARE HOMECARE, INC. (hereinafter referred to as "BAYCARE" and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District and the employer's principal address is in this District.

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

5. More than 180 days have passed since the filing of this charge. This case was timely

1

filed within 90 days of receipt of the Right to Sue. Exhibit B.

6. Defendant, BAYCARE, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

7. Defendant, BAYCARE is a domestic corporation, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

## GENERAL ALLEGATIONS

8. At all times material, Defendant, BAYCARE, acted with malice and with reckless disregard for Plaintiff's State protected rights.

9. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

10. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff is an African-American female who is a licensed Registered Nurse (RN).

13. Plaintiff began working for BAYCARE as a Home Health Clinician II, a PRN position, in July 2013.

14. Plaintiff applied for a permanent position with BAYCARE as a LBK (34236) Case manager working as a Registered Nurse performing home care services to patients/clients in the Long Boat Key Area.

15. In addition to applying for the permanent position LBK (34236), Plaintiff trained as a

2

preceptor in that area.

16.     Plaintiff was not given the position and it was filled by a Caucasian.

17.     Upon information and belief, the decisionmaker, Margaret Jackson, did not give Plaintiff the position in Long Boat Key because she is black.

18.     Plaintiff complained to Defendant about the denial of the permanent position based on her race and advised specifically of several co-workers who head Margaret Jackson make the race-based statements.

19.     Defendant's Director of Team Resources, Jim Bacon, advised Plaintiff that her complaint had been investigated and that it was not her race/color that caused her not to receive the Case Manager permanent position but her requested employment status (PRN).

20.     Plaintiff was thereafter not offered any (PRN) part-time or temporary work as a Home Health Clinician in the Long Boat Key area that she had previously been performing.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

21.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

22.     Plaintiff is          .

23.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his/her race in violation of 42 U.S.C. § 1981 for which Defendant is liable.

24.     Defendant knew, or should have known of the discrimination.

25.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. For costs and attorney's fees;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

## COUNT II
## FCRA- RACE DISCRIMINATION

26. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

27. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

28. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of the Florida Civil Rights Act.

29. Defendant knew, or should have known of the discrimination.

30. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - RACE DISCRIMINATION

31. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

32. Plaintiff is a member of a protected class under Title VII.

33. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his/her race in violation of Title VII of the Civil Rights Act.

34. Defendant knew, or should have known of the discrimination.

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

e.  Punitive damages;

f.  For costs and attorney's fees;

g.  Injunctive relief;

h.  For any other relief this Court deems just and equitable.

Dated this the 1st day of February 2016.

                                                  **REESER, RODNITE, OUTTEN & ZDRAVKO, LLC**

                                                  /s Angela E Outten
Angela E. Outten, Esquire, B.C.S.
3411 Palm Harbor Boulevard, Ste A
Palm Harbor, Florida 34683
Telephone: (727)787-5919
Facsimile: (727)787-6685
Email: aoutten@rrozlaw.com
Attorneys for the Plaintiff
FBN: 0002569